IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NATALIE BOUCARD, | § |
| Plaintiff, | § |
| v. | § |
| | § C.A. No. 5:20-cv-1015 |
| UNITEDHEALTHCARE INSURANCE COMPANY AND ACADEMIC HEALTHPLANS, INC., | § |
| Defendants. | § |

## NOTICE OF REMOVAL

Defendant UnitedHealthcare Insurance Company ("UHIC"), for the purpose only of removing this cause to the United States District Court for the Western District of Texas, San Antonio Division, states:

**State Court Action.** This is a suit for benefits under a student injury and sickness insurance plan certificate (the "Certificate").[1] Plaintiff, a student at Trinity University, obtained the Certificate effective August 1, 2018. The Certificate states:

This plan is underwritten by UnitedHealthcare Insurance Company.

\*\*\*

[UHIC] will provide the benefits described in this Certificate to Insured Persons. [Ex. 1, p. 3.]

Plaintiff filed an action in the 285th Judicial District Court of Bexar County, Texas, Cause No. 2020CI10257 on June 4, 2020 (the "State Court Action").[2] In her Original

---

[1] A copy of the Certificate is attached as Exhibit B.

Petition, Plaintiff asserts claims against UHIC for breach of contract, promissory estoppel, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and fraud. Additionally, Plaintiff has asserted purported claims against Defendant Academic Healthplans, Inc. ("Academic") for violations of the Texas Insurance Code, violations of the DTPA, and fraud.

1. **<u>Diversity of Citizenship.</u>** This Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff was a citizen and resident of the State of Texas at the time this action was filed and remains a citizen and resident of the State of Texas as of the date of this removal. [Petition, p. 1.] UHIC is a Connecticut corporation with its principal place of business in Hartford, Connecticut. [*See* Declaration, Ex. A]. Therefore, Plaintiff is a citizen of Texas, and UHIC is a citizen of Connecticut for removal and diversity purposes. Accordingly, removal is proper because complete diversity of citizenship exists between Plaintiff, on the one hand, and UHIC, on the other hand.

2. **<u>Fraudulent Joinder of Academic</u>**. The Court may disregard the citizenship of Academic, as it has been fraudulently joined by Plaintiff solely to prevent the removal of this action by defeating diversity of citizenship.

    a. <u>Legal Standard.</u>

There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004), *quoting Travis v. Irby*, 326 F.3d 644, 646-47 (5th

---

[2] Plaintiff served UHIC on August 6, 2020.

Cir. 2003). This second test looks at whether "the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. "[A] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n. 9, *quoting Badon v. RJR Nabisco, Inc.,* 236 F.3d 282, 286 n. 4 (5th Cir. 2000); *see also, Ross v. CitiFinancial, Inc.,* 344 F.3d 458, 462 (5th Cir. 2003) ("there must be a reasonable possibility of recovery, not a mere theoretical one").

In this analysis, courts apply standards similar to those used for motions under FED. R. CIV. P. 12(b)(6). *See Ross*, 663 F.3d at 462. A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007); *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). While a pleading need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In other words, conclusory or generic allegations of wrongdoing by the non-diverse defendant are not sufficient. *Badon,* 224 F.3d at 392-93. In that vein, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Plaintiff's allegations must be enough to "raise a right to relief above the speculative level, on the assumption that all allegations are true (even if doubtful in fact)." *Id.*

### b. Plaintiff's claims against Academic

Plaintiff alleges that Academic advertises itself as the "student health insurance experts" and exists to "provide students the healthcare they need, when they need it." [Petition, ¶ 10.] Further, Plaintiffs allege that Academic "provided for and serviced the policy at issue." [*Id.*] Plaintiff does not allege any specific wrongdoing by Academic, as opposed to wrongdoing by "Defendants," without specifying whether UHIC or Academic is at fault. [Petition, pp. 4-14.][3] Thus, Plaintiff's only factual allegations regarding Academic is that it holds itself out as an expert in student health insurance, and that it "provided for" and "serviced" the Certificate. Based on these vague and conclusory allegations, Plaintiff has asserted claims against Academic for breach of contract, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, fraud, and negligence.

A claim for breach of an insurance policy can be brought only against a defendant that is a party to the policy or certificate. *See, e.g., Medistar Twelve Oaks Partners, Ltd. v. Am. Econ. Ins. Co.*, CIV.A. H-09-3828, 2011 WL 3236192, at *6 (S.D. Tex. July 27, 2011) (dismissing, rule 12(b)(6) motion, defendant who was not a party to the insurance contract); *Campbell v. Automobile Ins. Co. of Hartford, Connecticut,* No. 06–CV–0158, 2007 WL 1390625, *2 (Tex. App.—Amarillo May 9, 2007, no pet.). Likewise, only an insurer can be liable for breach of the duty of good faith and fair dealing. *Natividad v. Alexis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994). Further, Plaintiff cannot maintain a claim for violations of the DTPA or the Texas Insurance Code in the absence of a valid claim

---

[3] The first 20 paragraphs of the Petition are numbered; the remainder are not.

for breach of the duty of good faith or fair dealing. *Medistar*, 2011 WL 3236192, at *6; *Crawford v. GuideOne Mut. Ins. Co.*, 420 F.Supp.2d 584, 599 (N.D. Tex. 2006). As set forth above, the Certificate was issued, underwritten, and administered by UHIC, and if Plaintiff is entitled to recover benefits (which UHIC denies), UHIC is liable for those benefits. For this reason alone, Plaintiff has not stated a claim against Academic for breach of contract, breach of the duty of good faith and fair dealing, violations of the DTPA, or violations of the Texas Insurance Code. *Medistar*, 2011 WL 3236192, at *6.

Finally, Plaintiff has failed to state a claim for fraud. In deciding a motion to remand, federal courts evaluate fraud claims against non-diverse defendants under the heightened pleading standard applicable in federal court. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (affirming denial of motion to remand, because the fraud claim against the non-diverse defendant failed "to meet the heightened federal pleading standard for fraud"). To state a claim for fraud in federal court, a plaintiff must specify the allegedly fraudulent statements, the speaker, when and where the statements were made, and why the statements were fraudulent. *See, e.g., Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). Further, simple allegations that the defendant possessed fraudulent intent is insufficient. *Id.* The plaintiff must allege facts showing a defendant's motive to commit fraud or circumstances that indicate conscious behavior on the part of the defendant. *Id.* Plaintiffs have made no effort to meet these requirements, instead pleading vaguely that Defendants promised coverage which did not materialize. This is insufficient to state a claim. *See, e.g., Landing Council of Co-Owners v. Fed. Ins. Co.*, CIV.A. H-12-2760,

2013 WL 530315, at *3 (S.D. Tex. Feb. 11, 2013) (denying motion to remand and dismissing agent where fraud claims were nothing more than vague accusations that promised coverage did not materialize).

Plaintiffs could not maintain a claim for fraud in any event. An insured is charged with knowledge of her policy, and may not base a claim on representations by the agent that she alleges contradict the policy. *See, e.g., Hunton v. Guardian Life Ins. Co. of Am.*, 243 F. Supp. 2d 686, 706 (S.D. Tex. 2002); *Shindler v. Mid-Continental Life Ins. Co.*, 768 S.W.2d 331, 334 (Tex. App.—Houston [14th Dist.] 1989, no writ). UHIC's claim denial, even if it was in error (which UHIC does not concede) does not give rise to a claim for fraud.

UHIC was responsible for the decision to deny Plaintiff's claim, and any benefit payments under the Certificate determined to be due or owing will come from UHIC. Moreover, Plaintiff's Petition does not contain any specific allegations of wrongdoing on the part of Academic that were a producing cause of damages to Plaintiff. Under these circumstances, Plaintiff cannot show that she was damaged by any wrongdoing of Academic. *See, e.g., James v. Allstate Life Ins. Co.*, 149 F.3d 1178 (5th Cir. 1998) (*per curiam*, affirming finding of fraudulent joinder of an agent, where the only claim against the agent was that he failed to ensure that the application was correctly filled out, and the policy was rescinded). Clearly, the only reason that Academic was sued in this case was to prevent removal, and its citizenship should be disregarded.

3. **Amount in Controversy.** The amount in controversy is also met. Plaintiff's Petition specifically alleges damages in excess of $200,000.00, and an

unspecified amount of damages for attorneys' fees. [Petition, p. 12]. This Court therefore has original jurisdiction pursuant to 28 U.S.C. § 1332, and UHIC has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Norplant Contraceptive Products Litigation*, 918 F. Supp. 178 (E.D. Tex. 1996) (removal is proper if defendant shows by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount). This action is wholly of a civil nature.

4. **Removal is Timely.** Removal is timely under 28 U.S.C. § 1446(b), as UHIC was served with a copy of the Plaintiff's Original Petition on August 6, 2020. *See* 28 U.S.C. §1446(b) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal.")

5. **Removal is Proper.** Based on the foregoing, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and this action is between citizens of different states. Therefore, this action may be removed pursuant to 28 U.S.C. § 1441.

6. **State Court Documents Attached.** An index of matters filed in the state court action is attached hereto as Exhibit C. These documents constitute the only pleadings, process, or orders filed in the state court or received by UHIC. A list of the all parties and counsel of record is attached as Exhibit D.

7. **Notice.** Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal shall be provided to all adverse parties and filed with the clerk of the state court.

8. **Consent to Removal not Required.** Academic's consent is not required, as it was fraudulently joined. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

## RELIEF REQUESTED

Wherefore, UHIC respectfully requests that the United States District Court for the Western District of Texas, San Antonio Division, accept this Notice of Removal and that it assumes jurisdiction of this cause and grant such other and further relief as may be necessary.

Respectfully submitted,

By: */s/ Lance V. Clack*
Andrew G. Jubinsky
State Bar No. 11043000
andy.jubinsky@figdav.com
Lance V. Clack
Texas Bar No. 24040694
lance.clack@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Fax)

ATTORNEYS FOR DEFENDANT
UNITEDHEALTHCARE INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system and all others will be notified via certified mail, return receipt requested on this 28th day of August, 2020.

*/s/ Lance V. Clack*
Lance V. Clack